

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Renfro Speed
County Attorney
Freestone County
Fairfield, Texas

Dear Sir:

Opinion No. O-1565
Re: 1. Does a constable have lawful authority to patrol and police as a peace officer the territory of another constable's precinct, and to make arrests therein without having criminal process for such arrests?

2. Does a constable have the right to accept compensation from private sources for patrolling and enforcing the law?

3. Can the Commissioners Court legally set a deputy sheriff's salary at "whatever he earns and collects in fees"?

We are in receipt of your request for an opinion on the following three questions:

"(1). Does a constable have lawful authority to patrol and police, as a peace officer the territory of another constable's precinct, and to make arrests therein without having criminal process for such arrests?

"(2). Does a constable have the legal right to accept compensation from private sources for patrolling and enforcing the law?

"(3). Can the Commissioners Court legally set a deputy sheriff's salary at 'whatever he earns and collects in fees'?"

The factual situation giving rise to the above three questions is, according to your letter of request, as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

follows:

"Justice Precinct Number Three in Free-
stone County is a rural section but has five
beer taverns located in the precinct. The
precinct joins a county in which beer is not
legalized, therefore there are many people
of all kinds that frequent these beer taverns.
Consequently, these beer taverns are in need
of constant patrolling by peace officers.
The sheriff's department has too small force
to perform the other duties of the office and
to patrol these beer taverns at all needed
times. The constable of said precinct number
three does not patrol these taverns and has
been almost entirely inactive as constable.
Accordingly, these five beer taverns have em-
ployed a constable of another and different
precinct in Freestone County to attend these
beer taverns and there enforce law and order,
and these taverns pay this employed constable
a weekly compensation. This constable from
another precinct employed by the beer taverns
makes arrests of offenders against the law,
files complaints against them and collects his
costs in cases of convictions, all in the same
manner as if he were in his own precinct.

"It has been proposed that in the event
it is held that a constable does not have au-
thority to patrol and enforce the law in a
precinct other than his own, then a deputy sher-
iff be appointed for the purpose of patrolling
said beer taverns and that the Commissioners
court set this deputy sheriff's salary at
'whatever fees he earns and collects'. Free-
stone County has a population of over twenty
thousand people and salaries are paid to all
county officials and their deputies."

Article 6878, R.C.S., 1925, provides:

"The qualified voters of each justice
precinct at each general election shall elect

Hon. Renfro Speed, page 3

a constable for such precinct for a term of two years."

Article 6885, R.C.S., 1925, prescribes the duties of a constable in general as follows:

"Each constable shall execute and return according to law all process, warrants and precepts to him directed and delivered by any lawful officer, attend upon all justice courts held in his precinct and perform all such other duties as may be required of him by law."

Article 6889, R.C.S., 1925, related to his "Jurisdiction":

"Every constable may execute any process, civil or criminal, throughout his county and elsewhere as may be provided for in the Code of Criminal Procedure, or other law."

Turning to the "Code of Criminal Procedure", we find a definition of "Peace Officers" in Article 36, Vernon's Annotated Criminal Statutes:

"The following are 'peace officers': The sheriff and his deputies, constable, the marshall or policemen of an incorporated town or city, the officers, non-commissioned officers and privates of the State Ranger force, and any other private person specially appointed to execute criminal process." (Underscoring ours).

Article 37, Code of Criminal Procedure, provides that "it is the duty of every peace officer to preserve the peace within his jurisdiction". (Underscoring ours.

Article 212, Code of Criminal Procedure, under Title 5, "arrest, commitment and bail" provides:

"A peace officer or any other person may,

Hon. Renfro Speed, page 4

without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace'".

Article 223 relates to a "warrant of arrest" and provides that such a warrant:

"Issued by any county or district clerk, or by any magistrate (except county commissioners or commissioners court, mayors or recorders of an incorporated city or town), shall extend to any part of the state; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in the state."

It has been held in HENSON v. STATE, 49 S.W. (2d) 463 that Article 223 authorizing the sheriff to serve warrant outside his county does not extend his authority to arrest without a warrant outside the county, and that a sheriff and deputy making an arrest and searching an automobile outside the county without a warrant stand in the same relation to search as private citizens.

In opinion No. O-1840 of this department to the Hon. H.A. Hodges, County Auditor of Williamson County, Georgetown, by Hon. Lloyd Armstrong, Assistant Attorney General, it was held that a constable has the authority to execute a warrant of arrest not only in every precinct within his county, but as well in any county in the state, and is entitled to the fees and mileage provided by law therefor.

This department has thus passed affirmatively upon the authority of a constable to execute a warrant of arrest outside his precinct. The question is now whether or not he has the authority to make an arrest outside his precinct but within the county without a warrant.

Article 6889, supra authorizes a constable to execute any process, civil or criminal throughout his county, etc.

Article 36 of the Criminal Code lists a constable as a "peace officer" and Article 212 empowers a peace officer to arrest without a warrant when the offense, i.e., a felony or an offense against the public peace, is committed in his presence. It is true that Article 37, supra, states that it is the duty of every peace officer

Hon. Renfro Speed, page 5

to preserve the peace within his jurisdiction, but this
cannot be interpreted as prohibiting a constable making
an arrest without a warrant outside his precinct but
within his county when the offense is committed before
his eyes. Article 36 of the Criminal Code, supra, can
be construed as impliedly conferring upon a constable
the authority to make an arrest within his own county
when there is legal justification for such arrest.

According to 36 TEX. JUR., p. 434:

"The power of arrest possessed by a con-
stable and a city marshall also extends to the
whole county, and beyond when acting under a
lawful warrant, since they are peace officers."
(Underscoring ours).

The most direct authority sustaining our posi-
tion that we have been able to find is NEWBURN v. DURHAM,
32 S.W. 112, in which the reasoning of the Supreme Court
in answer to certified questions of the lower court is
applicable to the present situation. In this case it
was held that a city marshall may make arrests in the
county. We quote from the decision as follows:

"Since the jurisdiction of the marshall is
measured by that of the sheriff in the preven-
tion and suppression of crime and arrest of of-
fenders against the laws of the state, it must
be coextensive with the limits of the county.
The purpose of the legislature to extend the
jurisdiction of the marshall beyond the limits
of the town, and make it coextensive with that
of the sheriff in the matter of arrests, is
further evidenced by the fact that a 'warrant
of arrest' may be directed to him, and such
warrant he may execute anywhere in the county,
whereas all civil process, unless otherwise
specially provided by law, must be directed to
the 'sheriff or any constable'."

We have been able to find two previous opinions
of the Attorney General's Department under prior admin-
istrations relating to this question although authorities
are not cited.

Hon. Renfro Speed, page 6


On May 21, 1931, Hon. Everett F. Johnson, Assistant Attorney General, in an opinion to Hon. H.G. Bennett, County Attorney, Dumas, Texas, stated:

"The question of a constable's authority to make arrests without a warrant is well covered in your brief, and I concur with you in the conclusion that the constable has the right to make arrests throughout the county, the same as the sheriff."

Hon. R.E. Gray, Assistant Attorney General, on October 13, 1938, wrote Sheriff Tom Abel, Lubbock County, Lubbock, Texas, to the effect:

" * * * you are respectfully advised that this department has heretofore rendered opinions which in effect carry with it the right of a constable to make an arrest out of his precinct. You are correct in your stating that he shall have the right to serve any civil paper or execute a warrant in the county. It follows that if this be true that he shall likewise have some authority to make an arrest in any part of the county."

We wish to call attention to the following paragraph from "Texas Peace Officer's Manual" by Blanchet, Feigenbaum and Arnold:

"The constable, like the sheriff, is an officer recognized by the statutes of Texas, and is concerned only with the administration of the law as a ministerial officer. The territorial jurisdiction of the constable extends, like that of the sheriff, to the whole county, although he is a local peace officer, and he is also entitled to make arrests with a warrant beyond the limits of his county, just as is the sheriff."

In answer to your first question, it is our opinion that a constable may lawfully make an arrest in a precinct of the county other than his own without a

Hon. Renfro Speed, page 7

warrant when he would otherwise be authorized by law to make the arrest under the Criminal Code of Procedure; and that while it is his primary duty under Article 57, Code of Criminal Procedure, Vernon's Annotated Criminal Statutes, to preserve the peace within his precinct, still his jurisdiction is coextensive with the limits of the county.

We refrain from advancing an opinion on the authority of a constable "to patrol and police as a peace officer the territory of another constable's precinct" because of the general and all-embracing scope of the words "patrol and police". We deem it advisable to rule only upon the authority of the constable to do certain definite acts.

Your second question asks whether or not a constable has the legal right to accept compensation from private sources for patrolling and enforcing the law.

In opinion No. 0-773 of this department to Hon. Edgar Pfeil, County Attorney, Guadalupe County, Seguin, Texas, by Hon. Ardell Williams, Assistant Attorney General, it was held that a deputy sheriff who preserved the peace at a public celebration and dance would be acting within the scope of his official duty and would not be entitled to receive extra compensation from the county or from third persons, a different, or a greater or less compensation for his official services than that which had been prescribed by law.

It is our opinion that a constable only has the legal right to accept compensation prescribed for him by law and that he may not legally accept compensation from private sources for patrolling and performing his duties of enforcing the law.

Turning to your third question, the maximum annual allowances to deputy officers are also fixed by statute. 38 TEX. JUR. 642; Article 3902, Vernon's Annotated Civil Statutes.

This article would apply to deputy sheriffs. It provides that the commissioners' court shall fix the

compensation to be paid them.

"1. In counties having a population of
twenty-five thousand (25,000) or less inhabit-
ants, first assistant or chief deputy not to
exceed eighteen hundred ($1800.00) dollars per
annum; other assistants, deputies or clerks
not to exceed fifteen hundred ($1500.00) dol-
lars per annum each."

In counties where county officers are compen-
sated on a salary basis, under Section 5, Article 3912e,
Vernon's Annotated Civil Statutes, fees and commissions
collected for official service shall be deposited in the
Officer's Salary Fund.

Section 5 of Article 3912e provides:

"In all cases where the commissioners'
court shall have determined that county offi-
cers or precinct officers in such county shall
be compensated for their services by the pay-
ment of an annual salary, neither the state of
Texas nor any county shall be charged with or
pay to any of the officers so compensated, any
fee or commission for the performance of any
or all of the duties of their offices but such
officers shall receive said salary in lieu of
all other fees, commissions or compensation
which they would otherwise be authorized to re-
tain * * * "

It follows that a "salary" county may not com-
pensate one of its officers on a fee basis, the others
on a salary basis.

It is our opinion that in counties where salar-
ies are paid to all county officials and their deputies,
the commissioners' court is prohibited under Article
3912e, Vernon's Annotated Civil Statutes, from fixing
the compensation of a special deputy sheriff's salary
at "whatever he earns and collects in fees".

Hon. Renfro Speed, page 9

Trusting that we have fully answered your three inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Dick Stout
    Dick Stout
    Assistant

APPROVED NOV 24, 1939
DS:ob

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN